IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| RICKY MCGHEE, ) | FILED: FEBRUARY 27, 2009 |
| ) | 09CV1282 |
| Plaintiff, ) | No. JUDGE DER-YEGHIAYAN |
| ) | MAGISTRATE JUDGE MASON |
| v. ) | AO |
| ) | |
| CITY OF CHICAGO, ) | |
| A municipal corporation, ) | |
| OFFICER ANDREW SCHURMAN, ) | |
| Star # 13751, OFFICER ILDEFONSO ) | |
| CHAVEZ, Star # 3278, and OFFICER ) | |
| EILEEN DOYLE, Star # 6593 Chicago ) | |
| Police Officers in their individual capacities, ) | |
| ) | |
| Defendants. ) | |

**COMPLAINT AT LAW**

NOW COMES the Plaintiff, by and through his attorneys, DVORAK, TOPPEL & BARRIDO, LLC., and, complaining of Defendants City of Chicago, Officer Andrew Schurman (Star # 13751), Officer Ildefonso Chavez (Star # 3278), and Officer Eileen Doyle (Star # 6593) [hereinafter "the Defendant Officers"], states as follows:

**Jurisdiction/Venue**

1. The incident giving rise to the instant Complaint began on or about March 12, 2008 in the City of Chicago, County of Cook, Illinois.

2. The jurisdiction of this Court is invoked pursuant to the Civil Rights Act, 42 U.S.C. §§ 1983 and 1988, the Judicial Code, 28 U.S.C. §§ 1331 and 1343(a), the Constitution of the United States, and supplementary jurisdiction for pendant state law claims is provided under U.S.C. § 1367(a).

1

3. Venue is proper pursuant to 28 U.S.C. § 1391(b) as, upon information and belief, all parties reside in the judicial district, and the events giving rise to the claims asserted occurred in this district.

### Parties

4. At all relevant times pertaining to this Complaint, Plaintiff was a resident of Chicago, Cook County, Illinois.

5. At all relevant times pertaining to this Complaint, Defendant City of Chicago was a municipal corporation, and the principal employer of Defendants Schurman, Chavez, and Doyle who were acting under color of law and in the course and scope of their employment with the Defendant City of Chicago as duly sworn and appointed police officers.

6. Defendants Schurman, Chavez, and Doyle are sued in their individual capacities.

### Facts

7. On or about March 12, 2008 Plaintiff was in the vicinity of 7114 S. Vincennes Avenue in Chicago, Illinois.

8. Plaintiff was present at a gas station when Defendants Schurman and Chavez arrived on the scene and approached Plaintiff.

9. Then and there, Defendants Schurman and Chavez illegally stopped, seized, searched and arrested the Plaintiff without probable cause or legal justification.

10. During the initial seizure, Defendants Schurman and Chavez willfully caused bodily harm to the Plaintiff without legal justification.

11. After Plaintiff was in custody, Defendants Schurman and Chavez again willfully caused bodily harm to the Plaintiff without legal justification.

12. Defendant Doyle was present for the attacks on Plaintiff but did nothing to stop the violent actions of Defendants Schurman and Chavez despite a reasonable opportunity and duty to do so; likewise, neither Defendant Schurman nor Chavez did anything to stop the attacks on Plaintiff despite a reasonable opportunity and duty to do so.

13. The injuries inflicted on Plaintiff by Defendants Schurman and Chavez, including but not limited to swelling and contusions to the wrists, ankles, and ribs of Plaintiff as well as a fractured jaw, required medical treatment and caused Plaintiff to incur medical expenses and great pain.

14. As a result of the actions and/or inactions of the Defendant Officers, Plaintiff suffered bodily injury, physical pain and suffering, emotional distress, loss of freedom and liberty, and pecuniary loss, including medical expense.

15. All of the unlawful and intentional acts and/or omissions of the Defendant Officers were committed while the Defendant Officers acted under color of law and within the course and scope of their employment with the City of Chicago.

### COUNT I – 42 U.S.C. § 1983 FALSE ARREST
**(Plaintiff v. Defendants Schurman and Chavez)**

16. Plaintiff re-alleges paragraphs 1-15 and incorporates them herein as if stated in full.

17. The actions of Defendants Schurman and Chavez in falsely seizing, searching, detaining, and arresting the Plaintiff without probable cause, and in approving the illegal arrest and detention, violated Plaintiff's rights under the Fourth Amendment to the United States Constitution to be secure in his person, papers and effects against unreasonable searches and seizures and thus violated 42 U.S.C. § 1983.

18. As a result of all the aforementioned actions by Defendants Schurman and Chavez, Plaintiff suffered loss of freedom and liberty, bodily injury, pain and suffering, pecuniary damages, and emotional distress.

WHEREFORE, pursuant to 42 U.S.C. § 1983 and § 1988, Plaintiff demands judgment and compensatory damages against Defendants Schurman and Chavez, and because each acted maliciously, wantonly or oppressively, substantial punitive damages, plus the costs of this action, plus attorneys' fees, and any other additional relief this Court deems equitable and just.

### COUNT II – 42 U.S.C. § 1983 Excessive Force
### (Plaintiff v. Defendants Schurman and Chavez)

19. Plaintiff re-alleges paragraphs 1-15 and incorporates them herein as if stated in full.
20. The actions of Defendants Schurman and Chavez in physically abusing and otherwise using unreasonable and unjustifiable force against the Plaintiff, violated Plaintiff's rights under the Fourth Amendment to the United States Constitution, incorporated to the states and municipalities through the Fourteenth Amendment, to be secure in his person, papers and effects against unreasonable searches and seizures and thus violated 42 U.S.C. § 1983.
21. As the proximate result of all of the aforementioned actions by Defendants Schurman and Chavez, the Plaintiff suffered loss of freedom, bodily injury, pain and suffering, emotional damages, and pecuniary loss, including medical expense.

WHEREFORE, pursuant to 42 U.S.C. §§ 1983 and 1988, Plaintiff demands judgment and compensatory damages against Defendants Schurman and Chavez, and because they acted maliciously, wantonly or oppressively, substantial punitive damages, plus the costs of

this action, plus attorneys' fees and any other additional relief this Court deems equitable and just.

### COUNT III – 42 U.S.C. § 1983 Failure to Intervene
### (Plaintiff v. Defendants Schurman, Chavez, and Doyle)

22. Plaintiff re-alleges paragraphs 1-15 and incorporates them herein as if stated in full.

23. The actions of the Defendant Officers in failing to intervene to prevent the unreasonable and unjustifiable excessive force by Defendants Schurman and Chavez on Plaintiff, despite a duty and reasonable opportunity to do so, violated Plaintiff's rights under the Fourth Amendment to the United States Constitution, incorporated to the states and municipalities through the Fourteenth Amendment, to be secure in his person, papers and effects against unreasonable searches and seizures and thus violated 42 U.S.C. § 1983.

24. As a result of all of the aforementioned actions by the Defendant Officers, Plaintiff suffered loss of freedom, bodily injury, pain and suffering, emotional damages, and pecuniary loss, including medical expense.

WHEREFORE, pursuant to 42 U.S.C. § 1983 and § 1988, Plaintiff demands judgment and compensatory damages against Defendants Schurman, Chavez, and Doyle, and because each acted maliciously, wantonly or oppressively, substantial punitive damages, plus the costs of this action, plus attorneys' fees and any other additional relief as this Court deems equitable and just.

### COUNT IV–Illinois State Law Claim of False Imprisonment (respondeat superior)
### (Plaintiff v. Defendant City of Chicago)

25. Plaintiff re-alleges paragraphs 1-15 and incorporates them herein as if stated in full.

26. One or more police officers with the City of Chicago falsely detained and/or arrested

Plaintiff, thus restricting Plaintiff's freedom of movement, and this was done without legal justification.

27. The actions of these Officers were the direct and proximate cause of the Plaintiff's loss of freedom, as described more fully above.

28. The officers and/or the Defendant Officers were acting in the course and scope of their employment with the City of Chicago in taking these actions, and thus the City of Chicago is liable based on the theory of respondeat superior.

WHEREFORE, Plaintiff demands compensatory damages against Defendant City of Chicago, plus the costs of this action, plus any other additional relief this Court deems equitable and just.

### COUNT V – Illinois State Law Claim of Battery (respondeat superior)
### (Plaintiff v. Defendant City of Chicago)

29. Plaintiff re-alleges paragraphs 1-15 and incorporates them herein as if stated in full.

30. One or more police officers with the Defendant City of Chicago, physically abused the Plaintiff, and these officers committed these intentional harmful and/or offensive contacts against the Plaintiff, and were without legal justification.

31. The actions of these City of Chicago Police Officers were the direct and proximate cause of the injuries suffered by the Plaintiff, as described more fully above.

32. The officers were acting in the course and scope of their employment with the City of Chicago in taking these actions, and thus the City of Chicago is liable based on the theory of respondeat superior.

WHEREFORE, Plaintiff demands compensatory damages against Defendant City of Chicago, plus costs of this action, plus any other additional relief this Court deems equitable and just.

### COUNT VI – Illinois State Law Claim of Malicious Prosecution (respondeat superior) (Plaintiff v. Defendants Schurman, Chavez, and City of Chicago)

33. Plaintiff re-alleges paragraphs 1-15 and incorporates them herein as though if in full.

34. Defendants Schurman and Chavez maliciously caused Plaintiff to be improperly subjected to judicial proceedings for which there was no probable cause. Each of these Defendants played a substantial role in the prosecution of Plaintiff.

35. These judicial proceedings were instituted and continued maliciously, resulting in injury, and all proceedings were terminated in Plaintiff's favor in a manner consistent with the innocence of the Plaintiff.

36. As a result of all the aforementioned actions by Defendants Schurman and Chavez, Plaintiff suffered loss of freedom and liberty, loss of society, emotional distress, pecuniary injury, and legal expenses.

37. Defendant Officers Schurman and Chavez were acting in the course and scope of their employment with the City of Chicago in taking these actions, and thus the City of Chicago is liable based on the theory of respondeat superior.

WHEREFORE, Plaintiff demands judgment and compensatory damages against Defendants Schurman, Chavez, and City of Chicago, and because these Defendants acted maliciously, wantonly or oppressively, substantial punitive damages against them, plus the costs of this action, plus attorneys' fees and any other additional relief as this Court deems equitable and just.

7

### COUNT VII–Illinois State Law Claim of Indemnification under 745 ILCS 10/9-102
### (Plaintiff v. City of Chicago)

38. Plaintiff re-alleges paragraphs 1-15 and incorporates them herein as if stated in full.

39. Defendant City of Chicago is the indemnifying entity for the actions of the Defendant Officers, described above, who took these actions while acting under the color of law and in the course and scope of their employment with the City of Chicago.

WHEREFORE, should Defendants Schurman, Chavez, and/or Doyle be found liable on one or more of the claims set forth above, Plaintiff demands that Defendant City of Chicago be found liable for any judgment (other than punitive damages) he obtains thereon.

**PLAINTIFF DEMANDS TRIAL BY JURY.**

Respectfully submitted,

s/ Brian Barrido
Brian Barrido,
Attorney No. 6274524

Brian Barrido
DVORAK, TOPPEL & BARRIDO, LLC.
200 S. Michigan Ave., Suite 1240
Chicago, IL 60604
(312) 663-9500 (phone)
(312) 663-9800 (fax)
brian_barrido@civilrightsdefenders.com